IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHANNON BRIANNA BOATWRIGHT, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:21-CV-182-C-BK |
| § | |
| BRENDA SADBERRY, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED**.

**I.   BACKGROUND**

In 2020, *pro se* Plaintiff Shannon Brianna Boatwright sued Judge Andrea Plumlee, Child Protective Services (CPS), CPS investigator Kiersten Washington, and the Garland and Dallas Police Departments. *Boatwright v. Plumlee, et al.*, No. 3:20-CV-0043-L-BT, 2020 WL 4550418 (N.D. Tex. June 25, 2020), *R. & R. accepted*, 2020 WL 4530368 (N.D. Tex. Aug. 5, 2020) (addressing last amended complaint). Boatwright alleged that her child custody trial was unfair, the CPS investigator provided false testimony, and the Garland and Dallas Police Departments failed to help her get her child back from her mother and step-father. *Id.* The Court summarily dismissed the amended complaint because Boatwright failed to state a claim against the Garland and Dallas Police Departments and her claims against the remaining defendants were barred by immunity and the *Rooker-Feldman* doctrine. *Id.* The Court of Appeals for the Fifth Circuit

dismissed her appeal for lack of prosecution, Civ. Doc. 71, and this Court ordered Boatwright's amended complaint stricken as improperly filed in a closed case, Civ. Doc. 76.

On January 27, 2021, Boatwright filed this new action against 30 defendants, including the five defendants previously sued. Doc. 3 at 1-2. Her allegations are muddled, rambling and, only loosely related. Boatwright asserts an intricate, four-part conspiracy by various family members, CPS, the Dallas County Civil Courts, two of its judges, three hospitals, a behavioral clinic, a UPS store clerk, and other private citizens to deny her custody of her son and kidnap her newborn son. Doc. 3 at 3-8.

Specifically, Boatwright avers that Defendants conspired to cause her a complete mental breakdown by isolating her, "taking my son away," "ganging up on me," and "putting me on those unneeded Bipolar medications." Doc. 3 at 3-4. She also alleges Defendants contrived to falsify her medical records, steal her automobile, abuse her mentally, and endanger her son. Doc. 3 at 4. Boatwright contends that the Defendants colluded to kidnap her, sex traffic her, and discriminate against her because she suffers from multiple sclerosis and other physical and mental ailments. Doc. 3 at 4-5; Doc. 3 at 5 ("When sex trafficked again being strangled, when unconscious injected with meth along with taking those Bipolar medications you could tell me jump off a building and selling myself for this much money and doing it, being people's puppet."). Lastly, Boatwright alleges that "Government Officials, hospitals," and the employees at her apartment complex combined to attempt to kill her, put her in danger, discriminate against her, and even kidnap her newborn son. Doc. 3 at 5-8; Doc. 3 at 5 ("[T]he government officials try and kill me, put me in danger and falsifying my medical record and the Methodist hospital putting my life in serious danger and kidnapping my newborn son wanting to start the conspiracy and kidnapping over again Doctors breaking their Hippocratic oath.").

Boatwright includes with her complaint over 180 pages of exhibits, such as medical records, which confirm that she suffers from multiple sclerosis and other health conditions, such as depression and Bipolar Disorder and that she endured a stroke (Boatright alleges she had a stroke after CPS Investigator Kirsten Washington allegedly told lies about her).  Doc. 3 at 9-191; Doc. 3 at 6.  Boatwright has also filed supplemental evidence in support of her complaint.  Doc. 9; Doc. 12; Doc. 13; Doc. 14; Doc. 15.

In the civil cover sheet, Boatwright checks the box for federal question jurisdiction.  Doc. 3 at 192.  She does not select a nature-of-suit code but writes "attempted murder" and "discrimination" for the causes of action.  *Id.*  Liberally construing her allegations, the only basis for this Court's jurisdiction appears to be a claim that Defendants conspired to violate Boatwright's constitutional rights under 42 U.S.C. § 1983.  However, her custody claims are duplicative and her conspiracy claims are frivolous and fail to state a claim.  Thus, the complaint should be summarily dismissed.

**II.   ANALYSIS**

Because Boatwright is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).  That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Boatwright's complaint is frivolous and fails to state a claim.

### A. The Custody Claims are Duplicative of the Claims Previously Dismissed

The substance of the custody claims that Boatwright raises in the case *sub judice* were previously litigated and dismissed as barred by The defendants' immunity and the *Rooker-Feldman* doctrine. Indeed, the complaint in this case recites the same underlying course of events asserted in Boatwright's previous case—albeit under the guise of suing additional defendants and claiming a broad-based conspiracy. *See Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (recognizing that *in forma pauperis* ("IFP") action is duplicative when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff[]"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (finding complaint was duplicative because the plaintiff repeated the same factual allegations that he asserted in his earlier case, despite the new defendants). Consequently, Boatwright's custody claims in this case should be dismissed as frivolous and malicious. *See Roberson v. Breen*, 444 F. App'x 841, 842 (5th Cir. 2011) (per curiam) ("An action may be dismissed as malicious and frivolous if it duplicates claims raised by the same plaintiff in previous or pending litigation." (cited case omitted)); *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993) ("[D]eclaring that a successive *in forma pauperis* suit is 'malicious' ... insure[s] that the plaintiff obtains one bite at the litigation apple—but not more.").

### B. Conspiracy Claims are Frivolous and Fail to State a Claim

Boatwright's broad-based conspiracy allegations lack factual enhancement. She has not alleged that "there was an agreement among the alleged co-conspirators to deprive [her] of [her] constitutional rights and that such an alleged deprivation actually occurred." *Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Estate of Farrar v. Cain*, 941 F.2d 1311, 1313 (5th Cir. 1991)). "Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." *Id.* (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)). Moreover, Boatwright does not allege facts that rise to the level of a constitutional violation. It is well-established that Section 1983 does not create substantive rights; rather, it merely provides civil remedies for deprivations of rights established under the Constitution or federal laws. *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 411–12 (5th Cir. 2015) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." (quoting *Filarsky v. Delia*, 566 U.S. 377, 383 (2012))).

Because Boatwright has failed to present more than "naked assertion[s]" devoid of "further factual enhancement," *Twombly*, 550 U.S. at 557, her conspiracy claims against the state actors should be dismissed as frivolous and for failure to state a claim.

In addition, Boatwright's complaint contains allegations that appear irrational and incredible. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that district courts in their discretion may dismiss a complaint as factually frivolous when the factual contentions are "clearly baseless" and describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible" (quoted case omitted)). Boatwright's claims of

attempted murder, "hate crime," sex trafficking, gang rapes, and attempts to make her a drug addict appear based on delusional or fanciful scenarios. Therefore, the complaint should, in the alternative, be dismissed with prejudice as factually frivolous.

### C.  No Supplemental Jurisdiction Over State-Law Claims

Having concluded that the only federal claim (over which the Court has original jurisdiction) fails to state a legally cognizable claim, the Court should decline to exercise supplemental jurisdiction over Boatwright's state-law claims, if any. *See* 28 U.S.C. § 1367(c)(3) (providing that district courts "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction"). Accordingly, Boatwright's state-law claims against the private citizen defendants should be dismissed without prejudice. *See Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir.1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

### III.  LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, the facts as alleged by Boatwright clearly demonstrate that her claims are duplicative and fail to state a claim and that some of her allegations are factually frivolous. Under these circumstances, granting leave to amend would be futile and cause needless delay.

## IV.  SANCTION WARNING

Given the nature of the claims asserted in this case, including that they are duplicative of other meritless claims, Boatwright should be warned that if she persists in filing frivolous or baseless cases, or cases that are frivolous or fail to state a claim, the Court may impose monetary sanctions and/or bar her from bringing any further action.  *See* Fed. R. Civ. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys).  Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims.  *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions).  *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).  Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period."  *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## V.  CONCLUSION

For the foregoing reasons, Boatwright's custody claims should be **DISMISSED WITH PREJUDICE** as frivolous and duplicative and her conspiracy claims should be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  *See* 28 U.S.C. § 1915(e).

Further, the Court should decline to exercise supplemental jurisdiction over Boatwright's state law claims, if any, and they should be **DISMISSED WITHOUT PREJUDICE**.  *See* 28 U.S.C. § 1367(c)(3).

Boatwright should also be **WARNED** that if she persists in filing frivolous or baseless actions, the Court may impose monetary sanctions and/or bar her from bringing any further action.

Finally, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on February 5, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).